Exhibit A

## IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

**BRENDA VARNEY,**

2020 JUN 22  A 8: 53

      Plaintiff,

**v.**                                   Civil Action No.: 20-C-54

                              BY_____DEPUTY

**VALLEY HEALTH CARE, INC.,**

      Defendant.

### <u>COMPLAINT</u>

NOW COMES the Plaintiff, Brenda Varney, and for her cause of action against Defendant, states and alleges as follows, to-wit:

1. Plaintiff, Brenda Varney (hereinafter referred to as "Plaintiff" or "Plaintiff Varney") is an adult individual and resident of Elkins, Randolph County, West Virginia.

2. Based upon information and belief, Defendant, Valley Health Care, Inc., (hereinafter referred to as "Defendant Valley Health"), is a for profit domestic corporation, with a notice of process address of Jordan A. Godwin, P.O. Box 247, Mill Creek, WV 26280 and its principal place of business located at 46 Town Center Plaza, Mill Creek, WV 26280.

3. Plaintiff began her original employment with Tygart Valley Pharmacy owned by Davis Memorial Hospital on or about June 2011. On or about three years later, Tygart Valley Pharmacy transferred ownership and Plaintiff began her employment with Defendant Valley Health as a pharmacy tech.

4. Plaintiff is over the age of 40.

5. Plaintiff has a disability, that is migraine headaches.

1

6. On or about November 7, 2018, Plaintiff determined that she was being paid less that lesser and/or equally qualified younger employees.

7. Plaintiff reported said disparate treatment to Defendant Valley Health and shortly thereafter began to be treated differently by management and co-workers.

8. On or about November 8, 2018, Plaintiff had a meeting with CEO Jordan Godwin and Director Candice Judy regarding the disparate pay. The director was very upset that Plaintiff had this knowledge and said twice in the meeting that Mill Creek employees better not find out about how much the younger employee was making. On or about January 10, 2020 Plaintiff applied for FMLA leave due to her disability.

9. At all times relevant throughout Plaintiff's employment with Defendant, upon information and belief Plaintiff had not received a single disciplinary action or unsatisfactory review and/or evaluation.

10. Through the entirety of Plaintiff's employment, there were several occasions that Plaintiff was being treated differently, at least in part, based upon her age and disability.

11. On or about February 20, 2020, Plaintiff was terminated without cause.

12. At all times relevant herein, Plaintiff performed all of her job duties in a satisfactory and/or above satisfactory manner and any contention to the contrary is merely a pretext.

13. Plaintiff committed no dischargeable offense and any contention to the

2

contrary is merely a pretext.

## COUNT I - VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

14. Plaintiff Varney hereby realleges each and every allegation contained in Paragraphs One (1) through Thirteen (13) as if fully restated herein.

15. Defendant retaliated against Plaintiff for taking FMLA leave by including but not limiting to putting Plaintiff on unpaid leave when she returned and/or terminating her without cause. Defendant Valley Health unlawfully interfered with, restrained, and/or denied Plaintiff Varney the exercise of her FMLA rights.

16. As a direct and proximate result of the acts of Defendant Valley Health as herein alleged Plaintiff Varney was caused to suffer damages and losses as hereinafter set forth.

## COUNT II - DISABILITY DISCRIMINATION

17. Plaintiff hereby realleges each and every allegation contained in Paragraphs One (1) through Sixteen (16) of this complaint as if fully rewritten herein.

18. Plaintiff suffered from a disability of migraines that limited her in her ability to perform and daily life.

19. Based upon information and belief, Defendant had actual and/or constructive knowledge of said disability.

3

20. Plaintiff Varney was treated in a disparate manner based at least in part upon her disabilities; said disparate treatment includes but is not limited to unlawful termination.

21. Based upon information and belief, Defendant had actual and/or constructive knowledge of said disparate treatment and acquiesced in and/or failed to take action to remedy the same.

22. Defendant has discriminated against Plaintiff Varney on the basis of her disability in violation of The West Virginia Human Rights Act [W. Va. Code § 5-11-1 et seq.].

23. As a direct and proximate result of the acts and/or omissions described herein, Plaintiff suffered injuries, damages and losses as hereinafter set forth.

## COUNT III - AGE DISCRIMINATION

24. Plaintiffs hereby re-allege each and every allegation contained in paragraphs One (1) through Twenty-three (23) as if fully rewritten herein.

25. Plaintiff Varney is fifty-five (55) years of age.

26. Plaintiff Varney was at all times relevant herein a member of a protected class of individuals as she was over the age of forty.

27. Plaintiff was treated in a disparate manner than younger employees by including but not limited to being paid less for the same work.

28. The aforesaid age discrimination was inflicted upon Plaintiff Varney in direct violation of the West Virginia Human Rights Act, W.Va. Code § 5-11-1, *et seq.*

4

29. As a direct and proximate result of the outrageous and wrongful actions aforesaid, Plaintiff Varney has suffered injuries, damages and losses as hereinafter set forth.

## COUNT IV – RETALIATION FOR REPORTING DISCRIMINATION and HOSTILE WORK ENVRIONMENT

30. Plaintiff hereby realleges each and every allegation contained in paragraphs one (1) through twenty-nine (29) of this Complaint as if fully rewritten herein.

31. Plaintiff alleges that Defendant and/or other representatives, employees and/or agents of Defendant Valley Health engaged in various retaliatory actions against her as a result of her reporting discrimination.

32. That the purpose of Defendant in so acting was to prevent Plaintiff, through economic and psychological intimidation, from seeking the relief provided by the laws of the State of West Virginia. Said retaliation includes but it not necessarily limited to disclosing complaints to co-workers, intentional placement of strong odors meant to aggravate Plaintiff's migraines, suspending Plaintiff without pay while her claims were allegedly investigated, refusing to serve Plaintiff as a customer, isolating Plaintiff and refusing to speak to her, yelling and belittling the Plaintiff.

33. Pursuant to its conduct, the Defendant acted to deprive the Plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, and

5

bad faith, all in violation of the West Virginia Human Rights Act, West Virginia Code § 5-11-1 et seq.

34. As a direct and proximate result of the illegal, wrongful, willful, intentional, negligent and tortuous harassment of Plaintiff Brenda Varney, Plaintiff has suffered damages and losses as hereinafter set forth.

## COUNT V - WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

35. The Plaintiff hereby re-alleges each and every allegation contained in Paragraphs One (1) through Thirty-Four (34) of this Complaint as if fully re-stated herein.

36. Based upon information and belief, Plaintiff was wrongfully terminated by Defendant.

37. At all times relevant herein, Plaintiff Varney was raising concerns regarding disparate treatment, discrimination and hostile work environment.. Plaintiff was also engaged in the protected activity of exercising her rights pursuant to FMLA.

38. Plaintiff did not commit any separate dischargeable offense.

39. As a direct and proximate result of the outrageous and wrongful actions of the Defendant, Plaintiff Varney has suffered damages as hereinafter set forth.

## COUNT VI - TORT OF OUTRAGE

6

40. Plaintiff Varney hereby re-alleges each and every allegation contained in paragraphs One (1) through Thirty-nine (39) as if fully restated herein.

41. The acts and/or omissions taken against Plaintiff Varney by Defendant Valley Health were done in a severe and outrageous manner and were so extreme as to be intolerable in a civilized society.

42. Defendant acted intentionally and recklessly which caused Plaintiff extreme emotional distress.

43. Defendant knew that said intentional and reckless actions would cause Plaintiff to suffer extreme emotional distress.

44. As a direct and proximate result of the outrageous and wrongful actions aforesaid, Plaintiff has suffered injuries, damages and losses as hereinafter set forth.

## DAMAGES

45. Plaintiff hereby restates each and every allegation contained in paragraphs one (1) through forty-four(44) of this Complaint as if fully rewritten herein.

46. As a direct and proximate result of the acts and/or omissions of Defendant as hereinbefore alleged, Plaintiff has been caused to suffer injuries, damages and losses, including but not limited to: back pay, lost benefits, front pay, future loss of benefits, emotional distress, anxiety, fear, embarrassment, humiliation, financial hardship, and attorney fees.

47. All of the acts of Defendant and its agents, servants, and employees, as alleged in each count of this Complaint were willful, wanton, and malicious

7

and/or reckless and/or in reckless disregard for the civil rights of Plaintiff Varney such that punitive damages are warranted.

WHEREFORE, Plaintiff, Brenda Varney, demands judgment against the Defendant, Valley Health Care Inc. in an amount that would adequately compensate Plaintiff for the unlawful acts and/or omissions and violations of law by Defendant, plus whatever other relief the Court or Jury would deem just; and for punitive damages in an amount adequate to punish and deter Defendant from committing this type of conduct in the State of West Virginia in the future and in such amounts as will satisfy all other reasons of law and public policy for an award of punitive damages; and Plaintiff further prays for an award of attorney fees, costs, interest, and for such other relief as the Court or jury deems just.

### PLAINTIFF DEMANDS A TRIAL BY JURY.

Brenda Varney,
By Counsel,

Erika Klie Kolenich, Esq. (9880)
Klie Law Offices, PLLC
85 W. Main St.
Buckhannon, WV 26201
(304) 472-5007
Facsimile: 304-472-1126
ehklie@klielawoffices.com

8